**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JEFFREY L. BUNCH,

    Petitioner,

-vs-                                                                 Case No. 8:08-CV-1947-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

        Petitioner brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction for second-degree murder entered in 1998 by the Tenth Judicial Circuit Court, Polk County, Florida (hereinafter "petition") (Dkt. 1). The Court has considered the petition, Respondent's response (Dkt. 19) which asserts, *inter alia*, that the petition is time-barred, and Petitioner's reply to the response/motion to dismiss (Dkt. 25). Upon review, the Court determines that the petition must be dismissed because it is time barred.

### **PROCEDURAL BACKGROUND**

        Petitioner was indicted by a grand jury on one count of first-degree murder (Dkt. 22, Ex. 18, Vol. 1 at R. 5-6). Following a jury trial, Petitioner was convicted of second-degree murder with a weapon (Id. at R. 74). On January 8, 1997, Petitioner was sentenced to a guidelines upward departure sentence of life imprisonment (Id. at R. 123-127). Petitioner

appealed his conviction. His conviction and sentence, however, were affirmed on July 31, 1998 (Dkt. 22, Ex. 4); *Bunch v. State*, 718 So. 2d 1240 (Fla. 2d DCA 1998) [table].

On June 29, 2000, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("3.850 motion") (Dkt. 22, Ex. 6). On September 19, 2000, the state trial court denied Petitioner's 3.850 motion (Dkt. 22, Ex. 7). Petitioner appealed. The appellate court affirmed the trial court's order without opinion on February 21, 2001 (Dkt. 22, Ex. 9); *Bunch v. State*, 789 So. 2d 993 (Fla. 2d DCA 2001) [table]. The appellate court's mandate issued on June 4, 2001 (Dkt. 22, Ex. 11).

On June 12, 2007, Petitioner filed a Motion to Correct Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800 ("3.800 motion") (Dkt. 22, Ex. 12). The trial court denied the motion on August 6, 2007 (Dkt. 22, Ex. 13). Petitioner appealed. The appellate court affirmed the trial court's order on January 4, 2008 (Dkt. 22, Ex. 16); *Bunch v. State*, 972 So. 2d 181 (Fla. 2d DCA 2008)[table]. The appellate court's mandate issued on January 25, 2008 (Dkt. 22, Ex. 17).

Petitioner filed his original federal habeas petition in this Court on September 24, 2008 (Dkt. at pg. 17).[1]

## THE PETITION IS TIME-BARRED

Petitioner's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides a one-year period within which a Section 2254

---

[1] Although Petitioner's petition was filed with the Court on September 29, 2008, Petitioner delivered his petition to prison officials for mailing on September 24, 2008. Under the mailbox rule set out in *Houston v. Lack*, 487 U.S. 266 (1988), a document is deemed filed by a pro se prisoner when it is delivered to prison authorities for forwarding to the court.

federal habeas petition must be filed. 28 U.S.C. §2244(d)(1). AEDPA imposes a one-year period of limitations for writs of habeas corpus that runs from, *inter alia*, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment became final on October 29, 1998, ninety days after his conviction and sentence were affirmed on appeal on July 31, 1998. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). *See also Clay v. United States*, 537 U.S. 522, 527 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on direct appeal, not from the date the appellate court issues its mandate). Therefore, Petitioner's one-year statute of limitations for filing his federal habeas petition expired on October 29, 1999, absent tolling pursuant to 28 U.S.C. § 2244(d)(2).

Petitioner filed his 3.850 motion on June 29, 2000. The 3.850 motion, and Petitioner's 3.800 motion filed on June 12, 2007, however, did not toll the running of the AEDPA's one-year limitations period because that one-year period expired on October 29, 1999. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)(a tolling motion under § 2244(d)(2)

3

cannot toll the one-year limitations period if that period has expired prior to filing the motion). Thus, the instant federal habeas petition, filed September 24, 2008, is untimely.[2]

Petitioner does not allege or demonstrate that he is entitled to equitable tolling of the AEDPA's one-year limitations period. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'")(quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Instead, Petitioner asserts he is entitled to a review of his claims because he is actually innocent of the sentence that was imposed upon him.

Assuming, without deciding, that proof of actual innocence renders the AEDPA's one-year limitation inapplicable, Petitioner has not demonstrated a colorable claim of actual innocence.[3] The Supreme Court has held that "'[a]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Thus, to meet the actual innocence standard, a habeas petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. (internal quotation marks and citation omitted). Furthermore, to make a sufficient showing of actual innocence, the petitioner must produce "'new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy

---

[2] Petitioner admits his petition is untimely (See Dkt. 1 at pg. 15; Dkt. 25).

[3] "Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period." *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008)(citing *Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing.")).

eyewitness accounts, or critical physical evidence -- that was not presented at trial.'" *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Petitioner does not allege that he is actually innocent of the crime for which he was convicted. Instead, Petitioner claims that he is actually innocent of the upward departure sentence that was imposed on him. In his petition, Petitioner argues that there was insufficient evidence supporting an upward departure sentence. In his reply, Petitioner essentially argues that he is actually innocent of the aggravating circumstances used to enhance his sentence because the jury acquitted him of first-degree murder, and instead found him guilty of second-degree murder, and therefore the jury necessarily found Petitioner not guilty of the aggravating circumstances.

In *Johnson v. Singletary*, 938 F.2d 1166, 1183 (11th Cir. 1991), the Eleventh Circuit Court of Appeals stated:

> A properly convicted defendant's claim to innocence in the sentencing context is likewise tied to eligibility. A convicted defendant is eligible for any punishment within the discretion the legislature accords the sentencing body. One cannot say that the defendant is innocent of the sentence imposed if the defendant actually committed the necessary acts that would make him eligible for the particular punishment chosen. Even if the guilty defendant can demonstrate that a constitutional error led to a factual inaccuracy -- which in turn prejudiced the outcome of the sentencing body's deliberative process -- the defendant is not innocent of the sentence imposed.

Petitioner has not produced any "new reliable evidence" that he did not commit the acts that the trial court used to enhance his sentence. His claim that there was insufficient evidence to support the enhanced sentence is not a claim of actual innocence, but merely a

5

challenge to the sufficiency of the evidence.[4]

To the extent that Petitioner is arguing that the trial court, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), improperly imposed an upward departure sentence based on the brutal manner in which Petitioner killed the victim because the facts supporting that factor were neither admitted by Petitioner nor found by the jury, the claim is also without merit because the rule in *Apprendi* is unavailable to him. *Apprendi* was not decided until June 2000. Petitioner's conviction became final in 1998. Binding authority is clear that *Apprendi* does not apply retroactively to cases on collateral review. *See, e.g., McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactive to cases on collateral review). Therefore, as a matter of law, Petitioner can not be granted relief on this argument.

## CONCLUSION

For the foregoing reasons, the Court determines that the petition is time-barred.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED WITH PREJUDICE**.

---

[4]Pursuant to Section 921.0016, Fla. Stat. (1997), a trial court judge was authorized to impose an upward departure sentence where the judge found aggravating circumstances existed justifying the departure. One aggravating circumstance that could be considered was "[t]he victim suffered extraordinary physical or emotional trauma or permanent physical injury, or was treated with particular cruelty." See Section 921.0016(3)(l). In Petitioner's case, the trial judge found that the evidence established that the victim suffered "blunt trauma of the head, including skull fractures and brain hemorrhages in combination with manual strangulation, including multiple abrasions and bruises of the neck, fractures of the hyoid bone and cricoid cartilage of the larynx" and "many bruises and abrasions on the victim's face, chest and both forearms. The facial injuries included fractures of the nasal bones." (Dkt. 22, Ex. 18, Vol. 1 at R. 128-29). "When multiple reasons exist to support a departure from a guidelines sentence, a departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other factors found not to justify departure." *Maglio v. State*, 918 So. 2d 369, 377 (Fla. 2d DCA 2006)(citation omitted). The evidence clearly supported the aggravating circumstance that the victim suffered extraordinary physical trauma.

2. The Clerk of the Court shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 3, 2009.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Petitioner
       Counsel of Record