**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JEFFREY L. BUNCH,

    Petitioner,

-vs-                                    Case No. 8:08-CV-1947-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## **O R D E R**

This matter comes before the Court upon receipt of Petitioner's Notice of Appeal and Notice of Filing COA Within the Next Fourteen Days (Dkt. 27), which the Court construes as both a notice of appeal and an application for issuance of a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 28). Petitioner also filed a motion to proceed on appeal *in forma pauperis* (Dkt. 29). Petitioner is challenging the Court's September 3, 2009 order denying his request for federal habeas relief as timebarred pursuant to 28 U.S.C. § 2244(d) (*See* Dkt. 26).

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court. . . . A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

Issuance of a COA does not require a showing that the appeal will succeed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). Under the controlling standard, a petitioner must, however, demonstrate that reasonable jurists could find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485; *Franklin*, 215 F.3d at 1199.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's construed application for issuance of a certificate of appealability (Dkt. 28) is **DENIED**.

2. Petitioner's motion to proceed on appeal *in forma pauperis* (Dkt. 29) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 5, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Petitioner pro se
Counsel of Record

2